BLD-237                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1864
_____

RICKY FRANKS,
Appellant

v.

GLOUCESTER COUNTY PROSECUTORS OFFICE; MARY PIFFER; DET. JOHN
KOMOROWSKI, #0812; EMPLOYEES OF SUSQUEHANNA BANK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:12-cv-01681)
District Judge: Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 14, 2018

Before: RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Filed: June 20, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ricky Franks appeals pro se from an order of the United States District Court for the District of New Jersey denying his motion to reopen a civil rights action. For the reasons that follow, we will summarily affirm.

In March 2012, while Franks was a pretrial detainee in Gloucester County Jail, he filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He named as defendants the Gloucester County Prosecutor's Office, a prosecutor from that office, a detective from Philadelphia, and employees of Susquehanna Bank. Franks' complaint included the following allegations: that he was wrongfully arrested, that officers executed a false police report against him, that he was falsely imprisoned, that defendants' defamed his character, that he suffered from the effects of racial profiling, and that prosecutors engaged in a conspiracy to frame him for a crime he did not commit.

In April 2012, the District Court denied Franks' application to proceed in forma pauperis and administratively terminated the case due to his failure to pay the required filing fee. The order stated that the case may be reopened if Franks either paid the required filing fee or submitted a completed application to proceed in forma pauperis, within 30 days of the order. Franks failed to pay the required fee, submit a completed application to proceed in forma pauperis, or otherwise respond to the order within 30 days. Five years later, in November 2017 and March 2018, Franks filed three letters requesting that the District Court reopen his case. The District Court denied these

requests, [1] and Franks filed a timely notice of appeal. Franks subsequently filed a motion for appointment of counsel and a motion to subpoena defendants with this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe Franks' motion to reopen as a motion pursuant to Federal Rule of Civil Procedure 60(b), and review the denial of such motion for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

On appeal, Franks asserts that he is entitled to relief under Rule 60(b)(1) and Rule 60(b)(6). Regarding Rule 60(b)(1), whether neglect is excusable is an essentially equitable determination that takes into account all relevant circumstances surrounding a litigant's failure to file. George Harms Constr. Co., Inc. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (citing Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995)). However, a motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Because Franks' letters were filed more than five years after the District Court closed his case, he is not eligible for relief under that section.

"[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545

---

[1] In his letter to the District Court in March 2018, Franks attached the judgment from another civil rights case, filed in the Eastern District of Pennsylvania, based on the same facts as the instant case. In that case, the Court determined that Franks was falsely arrested and awarded him $7,500 in damages. In the instant case, in addition to declining to grant Franks' motion to reopen because Franks did not file it within a reasonable time, the District Court also found that Franks was precluded from relitigating the same claims in a different court. Dkt # 7, at 3 n.1.

3

U.S. 524, 535 (2005).  Franks argues that extraordinary circumstances prevented him from receiving the District Court's order and litigating his case, including; incarceration, participation in impatient drug rehabilitation, homelessness, and residence at a divested domestic violence home for men.  However, Franks' argument is undercut by his active participation in his concurrent case in the District Court for the Eastern District of Pennsylvania.  Franks initiated a concurrent civil rights case in March 2012, which was decided, in his favor, in August 2013.  Franks has not provided an explanation as to why he was able to continue litigating one case, but not the other.  Therefore, we conclude that the District Court did not abuse its discretion in administratively terminating Franks' action and ordering the case closed.

Because Franks' appeal lacks arguable merit we will deny his motion for appointment of counsel, deny his motion to subpoena defendants, and affirm the judgment of the District Court.